IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENDALL DEVON CHAPMAN**                                                           **PLAINTIFF**

**v.**                                                                **No. 4:20CV216-DAS**

**M.D.O.C., ET AL.**                                                         **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Kendall Devon Chapman, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that he was improperly found guilty of a rule infraction that he did not commit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

On July 22, 2020, an inmate was attacked and injured at the South Mississippi Correctional Institution ("SMCI") Area II, A-2, B-Zone. On July 28, 2020, the plaintiff was called to the tower and told to pack up because he was moving. He was taken to receiving, given a yellow jumpsuit, and interviewed by Corrections Investigation Division ("CID") officers about the incident. He claimed that he knew nothing about it. The next day he was transferred to the Mississippi State Penitentiary, where he was issued a C-5 Rule Violation Report, alleging that he was the attacker during the incident at SMCI on July 22, 2020. The plaintiff states that he could not have been the attacker, because the attack took place on B-Zone, and he was housed in A-Zone. He was nonetheless found guilty of the infraction on August 28, 2020. He immediately appealed, and the guilty finding was upheld. The plaintiff alleges that no one during the review process properly investigated the incident, but, instead,

upheld the guilty finding based upon the staff witness' statement. Mr. Chapman was punished with 30 days loss of all privileges and recommendation for reclassification.

## No Violation of Due Process

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was 30 days loss of all privileges and recommendation for reclassification. Such punishment clearly fell "within the expected parameters of the sentence imposed by a court of law" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 115 S.Ct. at 2301.

As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 2nd day of July, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE